Not for Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| IN RE: ) | CASE NO. | 04-35198(LMW) |
| ) | | |
| MARIA CURA, TRUSTEE OF ) | CHAPTER | 11 |
| ROBERT D. CURA SPRAY TRUST, ) | | |
| ) | DOC. I.D. NOS. | 28, 36 |
| DEBTOR. ) | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

Paul N. Gilmore, Esq.                          Counsel for Movant Cadle Scrapyard of
Updike, Kelly & Spellacy, PC                   Connecticut, Inc.
One State Street
P. O. Box 231277
Hartford, CT 06123-1277


Peter L. Ressler, Esq.                         Counsel for Maria Cura, Trustee of Robert
Groob, Ressler & Mulqueen, PC                  D. Cura Spray Trust
123 York Street, Suite 1B
New Haven, CT 06511

**BRIEF MEMORANDUM AND ORDER**
**DISMISSING CHAPTER 11 CASE OF INELIGIBLE DEBTOR**

Lorraine Murphy Weil, United States Bankruptcy Judge


**WHEREAS,** the above-referenced trust (the "Trust") commenced this chapter 11 case by

a petition filed on November 9, 2004;

**WHEREAS,** on August 4, 2005 Cadle Scrapyard of Connecticut, Inc. ("Cadle"), a secured

creditor in this case, filed a Motion To Dismiss Bankruptcy Proceeding (Doc. I.D. No. 28, the

"Motion"). The Motion alleges that the Trust is not a person eligible for relief under Bankruptcy

Code §§ 101 and 109. The Trust disputes that contention (*see* Doc. I.D. No. 36);

**WHEREAS,** the Motion came on for a hearing (the "Hearing") on April 18, 2006.  At the

Hearing Maria Cura, trustee of the Trust, testified and Cadle placed documentary evidence into the

record;

**WHEREAS,** at the conclusion of the Hearing the court took the matter under advisement

subject to post-trial briefing.  Briefing is complete and the matter is ripe for decision;

**WHEREAS,** the Trust bears the burden of proving its eligibility for bankruptcy relief.  *See*

*In re Gurney's Inn Corp. Liquidating Trust*, 215 B.R. 659, 660 (Bankr. E.D.N.Y. 1997);

**WHEREAS,** to be eligible for bankruptcy relief a trust must be a "business trust."  11 U.S.C.

§§ 101(9)(A)(v), 101(41), 109(a).  If a trust is a mere "family trust," as opposed to a business trust,

it is ineligible for bankruptcy relief.  *Brady-Morris v. Schilling (In re Kenneth Allen Knight Trust),*

303 F.3d 671, 673 (6th Cir. 2002);

**WHEREAS,**

> a basic distinction between a business trust and other trusts is that business trusts are
> created for the purpose of carrying on some kind of business, whereas the purpose
> of a non-business trust is to protect and preserve the res.  Furthermore, while a trust
> must engage in business-like activities to qualify as a business trust, such activity,
> without more, does not necessarily demonstrate that a trust is a business trust. . . .
> Ultimately, each decision is based on a very fact-specific analysis of the trust at issue.

*In re Secured Equipment Trust of Eastern Air Lines, Inc.,* 38 F.3d 86, 89 (2d Cir. 1994) (citations

omitted).  The "inquiry must focus on the trust documents and the totality of the circumstances, not

solely on whether the trust engages in a business . . . ."  *Id.* at 90-91 (internal quotation marks and

citation omitted);

**WHEREAS,** a copy of the Trust's indenture (*i.e.,* the Robert D. Cura Spray Trust Indenture)

(the "Indenture") is in the record as Movant's Exhibit 1.  The Trust is an irrevocable trust, settled

by Peter B. Cura for the benefit of his son, Robert D. Cura, and Robert D. Cura's lineal descendants.

(*See* Indenture.)  The Trust res is certain real property in Watertown, Connecticut.  (*See* Indenture

(Schedule A).)  Cadle holds a mortgage on that property.  It is alleged that the Trust engages in

business by renting out the subject property;

**WHEREAS,** the court has reviewed the Indenture and is not persuaded that the Trust is other

than a family trust created to preserve the trust res for the benefit of the Trust beneficiaries.  There

is no persuasive evidence that any business transacted by the Trust is other than incidental to the

foregoing purpose;

**WHEREAS,** for the foregoing reasons the court concludes that the Trust is ineligible for

bankruptcy relief and this case must be dismissed;

**NOW, THEREFORE,** it is hereby **ORDERED** that the Objection is overruled and this case

shall be, and hereby is, dismissed.  A conforming order shall issue.

Dated: September 15, 2006                                    BY THE COURT

Lorraine Murphy Weil
United States Bankruptcy Judge